IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| AFFINITY TOOL WORKS, LLC, a Michigan company, | ) ) ) | Case No._____ |
| Plaintiff | ) ) ) | Hon. _____ |
| v. | ) ) ) | **COMPLAINT FOR DESIGN PATENT INFRINGEMENT** |
| E2E INC. a Michigan corporation, | ) ) ) | |
| Defendant | ) ) ) | |

PLAINTIFF, AFFINITY TOOL WORKS, LLC (hereinafter "Affinity"), for its complaint against DEFENDANT, E2E INC. ("E2E"), hereby alleges, upon personal knowledge as to itself and on information and belief as to all other matters, as follows:

**Nature of the Action**

1. This action arises as a result of E2E's infringement of the below-listed United States Design Patents (collectively "the Patents in Suit"), copies of which are attached as Exhibits A1 through A5, in violation of the Patent Act of the United States 35 U.S.C. § 101 *et seq*.

| Design Pat. No. | Title | Issue Date |
|---|---|---|
| D549,749 | Portable Tool Stand | August 28, 2007 |
| D551,539 | Tool Mounting Bracket with Light Fixture | September 25, 2007 |
| D552,136 | Rail for Tool Mounting Brackets and the Like | October 2, 2007 |
| D623,672 | Mounting Bracket and Rail for Portable Tool Stand | September 14, 2007 |
| D595,102 | Vise for Portable Tool Stand | June 30, 2009 |

Affinity seeks damages for E2E's infringement, enhancement of damages due to E2E's willful and knowing tortious actions, reasonable attorney's fees and costs, a permanent injunction barring E2E from further tortious actions, and other appropriate relief.

1

## The Parties

2. Affinity is a limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business at 1161 Rankin Drive, Troy, Michigan 48083.

3. E2E is a Michigan corporation having a place of business at 32985 Hamilton Court, Farmington Hills, Michigan 48334.

## Jurisdiction and Venue

4. This is an action for design patent infringement arising under the Patent Act, 35 U.S.C. § 101 *et seq*. The Court has subject matter jurisdiction over this action pursuant to, *inter alia,* 28 U. S.C. § 1331 (federal question) and 28 U. S.C. § 1338(a) (action arising under the Patent Act).

5. The Court has personal jurisdiction over E2E, at least because E2E is a Michigan corporation which has done and continues to do business in the State of Michigan and with one or more residents of the State of Michigan (including in this District), including, without limitation, by offering, selling and continuing to offer and sell products constituting infringements of the Patent in Suit.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because E2E is a Michigan corporation with its place of business in the State, and because E2E has transacted and continues to transact business within this District, and has offered for sale, sold, and continues to offer for sale and sell in this District products that constitute infringement of the Patents in Suit.

## Background

7. The Patents in Suit were duly issued by the United States Patent Office and are in full force and effect.

8. Patent No. D549,749 comprehends the design of a "Portable Tool Stand." A representative drawing from that patent is reproduced below:



9. Patent No. D623,672 comprehends the design of a "Mounting Bracket and Rail for Portable Tool Stand." A representative drawing from that patent is reproduced below:



10. Patent No. D552,136 comprehends the design of a "Rail for Tool Mounting Brackets and the Like." A representative drawing from that patent is reproduced below:



11. Patent No. D551,539 comprehends the design of a "Tool Mounting Bracket with Light Fixture." A representative drawing from that patent is reproduced below:



12. Patent No. D595,102 comprehends the design of a "Vise for a Portable Tool Stand." A representative drawing from that patent is reproduced below:



13. Affinity is the owner of all right, title and interest in and to the Patents in Suit by reason of an assignment from third party HTC Products, Inc. That assignment is of record in the United States Patent Office at Reel 28288, Frame 476. *See* http://assignment.uspto.gov/#/assignment?id=28288-476&q=HTC%20Products%2C%20Inc.

14. Founded in 2006, Affinity is a leading provider of professional tools serving a variety of markets, including building and remodeling, do-it-yourself, industrial and woodworking. Affinity's product brands include BORA, PORTAMATE, and HTC PRODUCTS. Among Affinity's products are a line of miter saw stands sold under the PORTAMATE brand. An

4

exemplar of one such product is the PORTAMATE PM-6300 Miter Saw Workcenter, shown below:



**PORTAMATE PM-6300 Miter Saw Workcenter**

15. A number of Affinity's products, including, among others, the aforementioned PORTAMATE PM-6300 Miter Saw Workcenter, comprehend the claimed designs of the Patents in Suit.

### E2E's Infringement

16. E2E has heretofore sold and offered for sale, and continues to sell and offer for sale in the United States, including via the Internet and in this judicial District, miter saw stands manufactured overseas by third party YANGZHOU HIGHER MACHINERY CO., LTD. ("YHM"), a Chinese company located at No.3 Weigao Road Gaoyou Town Industrial park, Gaoyou. Third party YHM's miter saw stands are manufactured under YHM's "HICO" brand name.

17. Among the HICO-branded products being sold and offered for sale in the United States by E2E is, without limitation, the HICO UWC1560 Heavy Duty Folding Miter Saw Power

5

Tool Stand ("the Accused Product"). Exemplary photos of the Accused Product are shown below:



**HICO UWC1560 Heavy Duty Folding Miter Saw Power Tool Stand**

6

18. The Accused Product includes design features which are identical, or at least substantially similar, to the claimed designs of the Patents in Suit, such that an ordinary observer would be so deceived by the substantial similarity between the designs of the Patents in Suit and the Accused Product so as to be induced to purchase the HICO products being sold and offered for sale by E2E, believing them to be substantially the same as the designs claimed in the Patents in Suit.

19. Affinity has not granted a license or any other authorization to E2E or third party YHM to make, use, offer for sale, sell or import into the United States products that embody the designs of the Patents in Suit, or any of them.

20. In spite of the rights of Affinity, E2E willfully and knowingly infringed Affinity's rights in the Patents in Suit.

21. Affinity has been damaged by the foregoing infringing and wrongful acts of E2E, including, without limitation, suffering actual damages.

22. E2E's wrongful conduct and infringing activities will continue unless enjoined by this Court.

## COUNT I
### (Infringement of the Patents in Suit)

23. Affinity incorporates by reference the allegations contained in paragraphs 1-22 above.

24. Affinity provided actual notice to E2E of its complained-of infringement on repeated occasions, including by the filing of this Complaint.

25. In spite of such repeated notices, E2E has engaged in a pattern of conduct demonstrating: E2E's awareness of the Patents in Suit; the objectively high likelihood that E2E's actions constitute infringement of the Patents in Suit and that the Patents in Suit are valid and

enforceable; and that this objectively-defined risk was so obvious that E2E knew or should have known it.

26. E2E has infringed and continues to infringe the Patents in Suit at least by offering to sell and/or selling in the United States, including in the State of Michigan and within this District, the Accused Product, in violation of 35 U.S.C. § 271.

27. E2E infringes the Patents in Suit because, *inter alia,* in the eyes of an ordinary observer the Accused Product and the claimed designs of the Patents in Suit are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him or her to purchase one supposing it to be the other.

28. E2E's acts of infringement of the Patents in Suit were undertaken without authority, permission, or license from Affinity. E2E's infringing activities violate 35 U.S.C. § 271.

29. E2E's infringement has damaged and continues to damage and injure Affinity. The injury to Affinity is irreparable and will continue unless and until E2E is enjoined from further infringement.

30. Affinity is entitled to a complete accounting of all revenue and profits derived by E2E from the unlawful conduct alleged herein, including without limitation, E2E's total profit pursuant to 35 U.S.C. § 289.

31. E2E has engaged and is engaged in willful and deliberate infringement of the Patents in Suit. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

32. Affinity is entitled to a permanent injunction preventing E2E from further infringing the Patents in Suit.

## Prayer for Relief

WHEREFORE, Plaintiff Affinity prays for the following relief:

A. A judgment entered in favor of Affinity on its claim that E2E has infringed the Patents in Suit;

B. A permanent injunction enjoining E2E, its respective officers, directors, agents, and employees, and all those in concert or participation with it who receive notice of judgment by personal service or otherwise, from making, importing, using, selling, and offering to sell products infringing the Patents in Suit, and from otherwise infringing, contributing to infringement of, and actively inducing infringement of the Patents in Suit;

C. A judgment and order that E2E deliver to Affinity for destruction all products infringing the Patents in Suit, as well as all sales literature, customer literature, and other trade pieces used in the infringement of the Patents in Suit;

D. A judgment and order that E2E make an accounting to Affinity and pay over to Affinity:

(1) the extent of E2E's total profit and revenue realized and derived from its infringement of the Patents in Suit, and/or actual damages to Affinity in an amount not less than a reasonable royalty for E2E's infringement;

(2) treble damages in accordance with 35 U.S.C. § 284 for E2E's willful and deliberate infringement, and as permitted under other applicable laws;

E. An award of costs of this action together with Affinity's reasonable attorney's fees in accordance with 35 U.S.C. § 285 for this case being exceptional, and as permitted under other applicable laws;

F. An award of interest, including prejudgment interest, on all damages; and

G. An award to Affinity of such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Affinity hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

By: s/Chris Mitchell/
William H. Honaker (P36833)
Christopher A. Mitchell (P52734)
cmitchell@dickinsonwright.com
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone:    734.623.1906
Facsimile:    734.623.1625

Attorneys for Affinity Tool Works, LLC